IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADAM MCMILLAN CONSTRUCION, LLC, | § § § | No. 411, 2021 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. 17C-09-109 |
| JACINTO DESOUSA, | § § | |
| Plaintiff Below, Appellee, | § § § § | |
| and | § § | |
| D.R. HORTON INC.—NEW JERSEY, a foreign corporation, | § § § | |
| Co-Defendant Below. | § | |

Submitted: January 5, 2022
Decided: January 13, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits attached thereto, it appears to the Court that:

(1)    The defendant below-appellant, Adam McMillan Construction, LLC ("AMC"), has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an interlocutory appeal from the Superior Court's order denying its motion *in limine*.[1]

---

[1] *DeSousa v. Station Builders, Inc.*, 2021 WL 5754745 (Del. Super. Ct. Dec. 3, 2021).

(2)     After suffering injuries while working on a construction site, the plaintiff below-appellee, Jacinto DeSousa, filed a personal injury action against Station Builders, Inc., which had engaged DeSousa's employer; AMC, the general contractor, which had hired Station Builders; and D.R. Horton, Inc.—New Jersey, the property owner.[2]   On October 8, 2019, the Superior Court denied AMC's motion to dismiss.[3]   The Superior Court held that AMC could not rely on 19 *Del. C.* § 2304, the exclusivity provision of the Workers' Compensation Act, because AMC was not deemed to be DeSousa's employer and could be sued in tort.[4]

(3)     On May 14, 2020, AMC filed a motion *in limine* to prohibit DeSousa from introducing evidence of the medical specials and indemnity payments made to him by Liberty Mutual Insurance Company.[5]   The parties agreed that AMC was deemed to have provided workers' compensation insurance coverage for DeSousa through Liberty Mutual.[6]   The Superior Court denied the motion *in limine*, finding it would require adjudication of the rights of non-party Liberty Mutual, which had a statutory right to reimbursement from any recovery awarded to DeSousa, on an incomplete record.[7]   The court also found it would be unfair if DeSousa were "subjected to paying the lien to Liberty Mutual from his recovery to the extent his recovery exceeded the lien, without having had

---

[2] *Id.* at *1.
[3] *DeSousa v. Station Builders, Inc.* 2019 WL 5394166 (Del. Super. Ct. Oct. 8, 2019).
[4] *Id.* at *3-4.
[5] *DeSousa*, 2021 WL 5754745, at *1.
[6] *Id.*
[7] *Id.* at *3.

the opportunity to present those elements of his damages to the jury."[8]  By contrast, admission of the evidence would place AMC "in no different position than any other tortfeasor in an action where a plaintiff's recovery is subject to a workers' compensation lien."[9]

(4)    On December 13, 2021, AMC filed a timely application for certification of an interlocutory appeal.  No one filed a response to the application.  On December 3, 2021, the Superior Court denied the application for certification.[10]

(5)    Addressing the Rule 42(b)(iii) criteria AMC relied upon for certification, the Superior Court disagreed with AMC's contention that the interlocutory order resolved a question of law for the first time in Delaware (Rule 42(b)(iii)(A)).[11]  Even assuming the order did resolve such a question, the Superior Court found the issue to be appealed unexceptional and not a substantial issue of material importance meriting appellate review before final judgment.[12]  To the extent the order construed or applied a statute (Rule 42(b)(iii)(C)), the court concluded that this construction or application did not have to be settled before a final judgment.[13]    Finally, the Superior Court accepted AMC's argument that resolution of the issue on interlocutory appeal could significantly affect the disposition

---

[8] *Id.*
[9] *Id.*
[10] *DeSousa v. Station Builders, Inc.*, 2022 WL 29861 (Del. Super. Ct. Jan 3, 2022).
[11] *Id.* at *1.
[12] *Id.*
[13] *Id.* at *2.

of the lawsuit and allow the parties to avoid the burdens of trial, but found this was true in most interlocutory appeals and insufficient to merit certification.[14]

(6) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[15] In the exercise of its discretion and giving due weight to the trial court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[16] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[17]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[14] *Id.*
[15] Supr. Ct. R. 42(d)(v).
[16] Supr. Ct. R. 42(b)(ii).
[17] Supr. Ct. R. 42(b)(iii).

4